UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ANTHONY THOMAS, SR.,

    Petitioner,

v.                                                               CASE NO. 5:12-cv-97-Oc-23PRL

WARDEN, FCC COLEMAN-USP I,

    Respondent.
_____/

## **ORDER**

    A federal prisoner at the United States Penitentiary in Atlanta, Georgia, Thomas moves *pro se* (Doc. 1) for a writ of habeas corpus under 28 U.S.C. § 2241. Thomas challenges both his conviction for bank robbery with a dangerous weapon and the sentence imposed in *United States v. Thomas*, Case No. 01-cr-738, Eastern District of Pennsylvania .

    Thomas attacks the validity of his sentence rather than the means of execution and attempts to proceed under Section 2241 because Section 2255 bars his motion as successive.[*] Section 2255 states that an application "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which

---

[*] The district court denied Thomas' motion under Section 2255 in *Thomas v. United States*, 2011 WL 1475425 (E.D. Penn. 2011).

sentenced him, or that such court denied him relief . . . ."  The "savings clause" of Section 2255 permits relief under Section 2241 if "the remedy by motion [under Section 2255] is inadequate or ineffective to test the legality of [the applicant's] detention."  However, *Wofford v. Scott*, 117 F. 3d 1236, 1244 (11th Cir. 1999), states:

> The savings clause of § 2255 applies to a claim when:  1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal or first § 2255 motion.

Thomas must satisfy each requirement but fails to satisfy even one.  Thomas presents argument that should have been raised at sentencing, on direct appeal, and in the preceding Section 2255 motion.  He fails, however, to demonstrate entitlement to proceed with these arguments under Section 2255's "savings clause."

Accordingly, the petition is **DISMISSED WITH PREJUDICE**.  The Clerk is directed to enter judgment dismissing the petition, to terminate any pending motion, and to close the case.

ORDERED in Tampa, Florida, on October 31, 2012.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE